UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case. No.:

**CARLOS BARAHONA** and **WALTER GUEVARA**,

    Plaintiffs,

v.

**SERVISAIR, LLC,**
and **OSCAR TURCIOS**, individually,

    Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, CARLOS BARAHONA and WALTER GUEVARA (collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, upon personal knowledge as to them and upon information and belief as to other matters, bring this Collective Action Complaint against Defendants, SERVISAIR, LLC, and OSCAR TURCIOS, individually (the Corporate Defendant and Individual Defendant are individually referred to as "Defendant" and collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1.    Plaintiffs, on behalf of themselves and all others similarly situated, bring this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et. seq. and allege that they are entitled to recover from Defendants (1) unpaid off the clock wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as under 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C.§ 1391.

## PARTIES

### Defendants

**Servisair, LLC**

4. Defendant, SERVISAIR, LLC. ("SERVISAIR"), is a corporation organized under the laws of the State of Delaware, with a principle executive office located at Miami International Airport, Miami, Dade County, Florida, 33010.

5. SERVISAIR is a company which is categorized under Airports, Flying Fields, and Services.

6. Upon information and belief, at all times relevant to this Complaint, SERVISAIR employs individuals to perform labor, such as refueling aircrafts, on behalf of SERVISAIR.

7. Upon information and belief, at all times relevant to this Complaint, SERVISAIR's annual gross volume of sales made or business done was not less than approximately $500,000.00.

8. At all times relevant to this Complaint, SERVISAIR was and is an "enterprise engaged in commerce" under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

**Individual Defendant Oscar Turcios**

9. Upon information and belief, individual Defendant OSCAR TURCIOS is a resident of Miami, Dade County, Florida.

10. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has been an owner, partner, officer, and/or manager of SERVISAIR.

11. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has had power over personnel decisions at SERVISAIR, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

12. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has had the power to determine employee policies at SERVISAIR, including, but not limited to, time-keeping and payroll policies.

13. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has had power over payroll decisions at SERVISAIR, including the power to retain time and/or wage records.

14. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has been actively involved in managing the day to day operations of SERVISAIR.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has had control over, and the power to change compensation practices at SERVISAIR.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant OSCAR TURCIOS has had the power to stop any illegal pay practices that harmed Plaintiff.

17.     Upon information and belief, at all times relative to this Complaint, individual Defendant OSCAR TURCIOS was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

**Plaintiffs**

**Carlos Barahona**

18.     Plaintiff CARLOS BARAHONA ("Barahona") is an adult individual who is a resident of Miami Gardens, Dade County, Florida.

19.     At all relevant times, the work performed by Plaintiff Barahona was to the benefit of the business operated by Defendants.

20.     At all relevant times, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

21.     A written consent form for Plaintiff Barahona is attached as Exhibit A to this Collective Action Complaint.

**Walter Guevara**

22.     Plaintiff WALTER GUEVARA ("Guevara") is an adult individual who is a resident of Miami, Dade County, Florida.

23.     At all relevant times, the work performed by Plaintiff Guevara was to the benefit of the business operated by Defendants.

24.     At all relevant times, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

25.     A written consent form for Plaintiff Guevara is attached as Exhibit B to this Collective Action Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs brings this lawsuit against Defendants as a collective action on behalf of themselves and all other persons similarly situated – non-exempt labor employees – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), on or after December 4, 2009 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

27. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper off the clock wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

28. The claims of the Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiffs and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiffs and FLSA Collective Plaintiffs' rights.

29. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## FACTS

30. In or about June 2011, Plaintiff CARLOS BARAHONA was hired by Defendants to work as an aircraft re-fueler on behalf of Defendants' aircraft business and is currently employed by Defendants.

31. Plaintiff Barahona is scheduled to work an understated estimate in excess of forty (40) hours per workweek.

32. Plaintiff Barahona's duties include re-fueling the aircrafts on site.

33. Plaintiff Barahona's scheduled hours are from 3:00 p.m. until 11:30 p.m. Monday through Friday. Additionally, Defendant always deducted thirty (30) minutes for lunch; however, Plaintiff rarely, if ever takes a lunch break.

34. Plaintiff Barahona routinely arrives to Defendants' business prior to the business' hours and routinely works past his scheduled ending time.

35. Plaintiff Barahona was not compensated for the time he spent working prior to his scheduled work time, or time he spent working after business hours for the benefit of Defendants' business.

36. Plaintiff Barahona routinely works an understated estimate of nearly forty-four (44) hours per workweek on behalf of Defendants, but is consistently not compensated for the hours he works in excess of forty (40) per week.

37. In or about March, 2010, Plaintiff WALTER GUEVARA was hired by Defendants to work as an aircraft re-fueler on behalf of Defendants' aircraft business and is currently employed by Defendants.

38. Plaintiff Guevara is scheduled to work an understated estimate in excess of forty (40) hours per workweek.

39. Plaintiff Guevara's duties include re-fueling the aircrafts on site.

40. Plaintiff Guevara's scheduled hours are from 3:00 p.m. until 11:30 p.m. Monday through Friday. Additionally, Defendant always deducted thirty (30) minutes for lunch; however, Plaintiff rarely, if ever takes a lunch break.

41. Plaintiff Guevara was scheduled to work five (5) days per workweek for the operation of and to the benefit of Defendants' business.

42. Plaintiff Guevara routinely arrives to Defendants' business prior to the business' hours and routinely works past his scheduled ending time.

43. Plaintiff Guevara was not compensated for the time he spent working prior to his scheduled work time, or time he spent working after business hours for the benefit of Defendants' business.

44. Plaintiff Guevara routinely works an understated estimate of nearly forty-four (44) hours per workweek on behalf of Defendants, but is consistently not compensated for the hours he works in excess of forty (40) per week.

45. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as described in this Complaint.

46. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

47. At all times pertinent to this complaint, and subject to discovery in this cause, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, in that Plaintiffs and FLSA Collective Plaintiffs, as well as those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

48. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

49. Plaintiffs re-allege and incorporate here by reference, all allegations contained in Paragraphs 1 through 48 above.

50. Plaintiffs are entitled to be paid time and one-half of regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

51. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

52. Defendants knowingly and willfully failed to pay Plaintiffs and the other similarly situated time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week. The failure of Defendants to compensate Plaintiffs at their given rate of pay for all hours worked is in violation of the FLSA.

53. Defendants, therefore, are liable to Plaintiffs, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

54. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

55. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendants.

56. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

57. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## **DEMAND FOR JURY TRIAL**

58. Plaintiff demands trial by jury as to all issues so triable.

WHEREFORE, Plaintiffs, CARLOS BARAHONA, and WALTER GUEVARA and those similarly situated to them, demand judgment against Defendants, SERVISAIR, LLC, and OSCAR TURCIOS, individually, for the payment of compensation for unpaid wages and all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.


Dated:  December 4, 2012                                  Respectfully submitted,

                                          s/ Andrew I. Glenn
                                          Andrew I. Glenn, Esq.
                                          E-mail:  AGlenn@JaffeGlenn.com
                                          Florida Bar No. 577261
                                          Jodi J. Jaffe, Esq.
                                          Email: JJaffe@JaffeGlenn.com
                                          Florida Bar No. 865516
                                          **JAFFE GLENN LAW GROUP, P.A.**
                                          12000 Biscayne Blvd., Suite 707
                                          Miami, Florida 33181
                                          Telephone: (305) 726-0060
                                          Facsimile: (305) 726-0046
                                          Attorneys for Plaintiff